**Weldon SMITH, Movant/Appellant,**

v.

**STATE of Missouri, Plaintiff/Respondent.**

No. 69364.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1996.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant pled guilty to three counts of robbery in the first degree, § 569.020, RSMo 1994, and three counts of armed criminal action, § 571.015, RSMo 1994. He was sentenced to concurrent twenty-five year terms of imprisonment on each count. The court found Movant had committed four prior felonies and sentenced him pursuant to § 558.019.2(3), RSMo Supp.1993, which requires eighty percent minimum term to be served by defendants with three or more prior felonies. Movant timely filed and amended a Rule 24.035 motion for post-conviction relief arguing, *inter alia,* he should be afforded relief from the minimum sentencing requirements of § 558.019.2(3), RSMo Supp. 1993, because of a legislative revision of that statute. The motion court denied the post-conviction relief motion without a hearing. We affirm.

Movant was charged by amended information with the three counts of robbery in the first degree along with the three attendant counts of armed criminal action. Each of these crimes was alleged to have occurred on November 28, 1993. Additionally, the State charged Movant as a prior, persistent and § 558.019 eighty percent minimum term offender. The amended information listed four prior felony guilty pleas by Movant including tampering, possession of the controlled substance of cocaine, illegal distribution of a controlled substance near a school, and stealing from a person. Each of these offenses was alleged to have occurred at different times.

Section 558.019.2(3), RSMo Supp.1993, provided for eighty percent minimum prison term for offenders who had "three or more prior felony convictions committed at differ-

ent times,...." In 1994, the legislature revised § 558.019 by using prior remands to the department of corrections (as opposed to prior felony convictions) as the measure of minimum term requirements. Under the 1994 revision, § 558.019.2(3) provides an eighty percent minimum prison term for offenders who had "three or more previous remands to the department of corrections for felonies unrelated to the present offense,...." The effective date of the revised § 558.019 was August 28, 1994. 1994 Mo. Laws 4. The 1994 revision further included subsection 7 which reads: "The provisions of this section shall apply only to offenses occurring on or after the effective date of this act." 1994 Mo. Laws 744.[1]

Movant pled guilty to the crimes charged at a hearing held on February 14, 1995. At this hearing, Movant admitted to pleading guilty to the four charged felonies; however, he admitted to being remanded into the custody of the department of corrections for only one of those offenses. The State offered no evidence nor made any assertion as to Movant being remanded to the department of corrections for any of the other offenses. Movant's counsel objected to the use of the pre-revised version of § 558.019 determining Movant's minimum prison term. While the court expressed some uncertainty, it applied the pre-revised prior felony convictions standard to Movant's offenses. The court found Movant had been convicted of four felonies occurring at different times and sentenced Movant to an eighty percent minimum prison term.

In his sole point on appeal, Movant asserts the pre-revised standards of § 558.019 were erroneously imposed upon him and that in accordance with § 1.160(2), RSMo 1994, he should be resentenced with the benefits of the revised standards of § 558.019. Section 1.160(2) provides "[t]hat if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law." However, the legislature specifically provided in § 558.019.7 that the 1994 revised standards were applicable only to offenses occurring on or after the effective date of the revisions. To apply the revised standards to the offenses of the instant case which occurred before the effective date of the revision would be in clear contravention of the unambiguous mandate of the legislature. Missouri cases have consistently held the prerevision standards of § 558.019 determine the minimum term to be served for offenses occurring prior to the effective date of the revision. *See State v. Harris,* 908 S.W.2d 912, 916–17 (Mo.App. E.D.1995); *State v. Dean,* 898 S.W.2d 704, 706–07 (Mo.App. W.D.1995). Movant's point is denied.

Judgment affirmed.

REINHARD and GARY M. GAERTNER, JJ., concur.

---

1. Section 558.019.7, RSMo 1994, has substituted "the effective date of this act" with "August 28, 1994."